UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELIPE LUNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC, et al.,<br><br>　　　　Defendants. | Case No. 19-CV-08229-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff Felipe Luna ("Plaintiff") brings this lawsuit against Defendants FCA US, LLC ("FCA"), Stevens Creek Chrysler Jeep Dodge ("Stevens Creek"), and Does 1 through 10 (collectively, "Defendants") for claims arising from the sale of an allegedly defective vehicle. Before the Court is Plaintiff's motion to remand. ECF No. 13. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.[1]

---

[1] Plaintiff's motion to remand contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. *See* ECF No. 13. Civil Local Rule 7-2(b) provides that the notice of motion and the points and authorities in support of the motion must be contained in one document with a combined limit of 25 pages. *See* Civ. Loc. R. 7-2(b).

1

Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

## I. BACKGROUND

### A. Factual Background

Plaintiff is a resident of Santa Clara County, California. ECF No. 1-1 ("Compl.") ¶ 2. Defendant FCA, a Delaware corporation operating in California, designs, manufactures, constructs, assembles, markets, distributes, and sells automobiles. *Id.* ¶ 4. Defendant Stevens Creek sells, services, and repairs automobiles in Santa Clara County, California. *Id.* ¶ 5.

Plaintiff alleges that on or about July 25, 2012 "Plaintiff purchased a 2012 Jeep Wrangler vehicle . . . from Defendant [Stevens Creek], which was manufactured and or distributed by Defendant FCA."[2] *Id.* ¶ 7. When Plaintiff purchased the 2012 Jeep Wrangler (the "Vehicle"), Plaintiff "received an express written warranty, including a 3 year/36,000 miles bumper to bumper warranty and a 5 year/100,000 miles powertrain warranty, which covers the engine and transmission." *Id.* ¶ 8.

Plaintiff asserts that those warranties provided that "in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired." *Id.* Plaintiff alleges that during the warranty period, the Vehicle developed "defects related to the electrical system; defects related to the totally integrated power module (TIPM); defects causing illumination of the check engine light . . . ; defects causing the storage of Diagnostic Trouble Codes . . . ; defects causing the

---

[2] Plaintiff's complaint makes a one-time allegation that the Vehicle was purchased from "Defendant Dublin" rather than "Defendant Stevens Creek." Compl. ¶ 7. Plaintiff acknowledges that the one-time reference to "Defendant Dublin" is an "inadvertent, typographic error," but explains that the Complaint is otherwise clear that Plaintiff intends to sue Defendant Stevens Creek. Reply at 4; Compl. ¶¶ 5, 107–10 (explicitly naming Defendant Stevens Creek as defendant auto dealership). Defendants argue that because Plaintiff wrote "Dublin" rather than "Stevens Creek," Plaintiff cannot state a claim against Defendant Stevens Creek, as the implied warranty of merchantability applies only to the manufacturer and the retail seller. Opp. at 19–20 (citing Cal. Civil Code § 1792). The Court rejects Defendants' contention. "A party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983); *see also Barsten v. Dep't of the Interior*, 896 F.2d 422, 423 (9th Cir. 1990) ("A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice . . . If [a complaint] names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose.") (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)). Because it is clear from the remainder of the Complaint that Plaintiff is suing Stevens Creek, the Court considers Stevens Creek as the properly named defendant.

Vehicle to surge above 2,500 RPMs; defects causing the failure and/or replacement of the powertrain control module . . . ; defects requiring the reprogramming of the skim key; defects related to the transmission; defects causing rough running; defects causing the failure and/or replacement of the oil filter; defects requiring the performance of Recalls . . . ; defects causing cylinder(s) misfire; defects causing the failure and/or replacement of the left side cylinder head; defects causing the failure and/or replacement of the lifters; defects requiring the reprogramming of the key; and/or any other defects described in the Vehicle's repair history." *Id.* ¶ 9.

Regarding the alleged defect related to the TIPM, Plaintiff states that Defendant FCA "had superior and exclusive knowledge of the TIPM defects, and knew or should have known that the defects were not known by or reasonably discoverable by Plaintiff." *Id.* ¶ 20. Plaintiff alleges that Defendant FCA "has never disclosed the TIPM defect to Plaintiff prior to the purchase of the Subject Vehicle or at any point during ownership of the Subject Vehicle and Defendant FCA has never instructed its dealerships to disclose the TIPM defect to drivers or potential purchasers or lessees of vehicles equipped with the TIPM." *Id.* ¶ 95.

According to Plaintiff, "Defendant [FCA] and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* ¶ 119. Indeed, Plaintiff alleges that when Plaintiff "presented the Vehicle to Defendant's representative," Defendant FCA "failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days." *Id.* ¶ 125.

**B. Procedural History**

On November 12, 2019, Plaintiff filed his complaint against Defendants in California Superior Court for the County of Santa Clara. Compl. at 1. On November 18, 2019, Plaintiff served the complaint on Defendants. ECF No. 1 ("NOR") ¶ 3.

Plaintiff's complaint alleges six causes of action, five of which arise from California's Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790–1795.8 ("Song-Beverly Act"): (1) violation of section 1793.2(d) against Defendant FCA, Compl. ¶¶ 118–23; (2) violation

3
Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

of section 1793.2(b) against Defendant FCA, *id.* ¶¶ 124–28; (3) violation of section 1793.2(a)(3) against Defendant FCA, *id.* ¶¶ 129–31; (4) breach of express written warranty in violation of sections 1791.2(a) and 1794 against Defendant FCA, *id.* ¶¶ 132–35; (5) breach of the implied warranty of merchantability in violation of sections 1791.1, 1794, and 1795.5 against Defendant FCA and Defendant Stevens Creek, *id.* ¶¶ 136–40; and (6) common law fraudulent inducement/concealment, *id.* ¶¶ 141–59.

On December 18, 2019, Defendants removed Plaintiff's complaint to federal court. NOR at 1. Defendants' notice of removal states that the Court has diversity jurisdiction over Plaintiff's complaint. *Id.* Defendants assert that Plaintiff and Defendant Stevens Creek are both citizens of California, but Defendants claim that Plaintiff fraudulently joined Defendant Stevens Creek. *Id.* ¶¶ 24–28. Therefore, according to Defendants, diversity jurisdiction is still proper. *Id.*

On February 3, 2020, Plaintiff filed the instant motion to remand. ECF No. 13 ("Mot."). On February 18, 2020, Defendants filed their opposition, ECF No. 14 ("Opp."), and on February 25, 2020, Plaintiff filed his reply, ECF No. 15 ("Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Federal subject matter exists when a case presents diversity of citizenship between the

4
Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

parties or involves a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.   DISCUSSION**

In the instant case, Plaintiff is suing Defendant Stevens Creek for an alleged violation of the implied warranty of merchantability under the Song-Beverly Act. Compl. ¶¶ 136–40. Plaintiff's motion to remand argues that the Court lacks diversity jurisdiction over Plaintiff's complaint because Plaintiff and Defendant Stevens Creek are both citizens of California. Mot. at 3–5. Plaintiff also argues that diversity jurisdiction is absent because (1) the amount in controversy does not exceed $75,000, (2) Defendants have not carried their burden of demonstrating that Plaintiff is a citizen of California, and (3) Defendant FCA has not carried its burden of establishing that it is not a citizen of California. Mot. at 6–9.

Defendants argue that the Court has diversity jurisdiction because Plaintiff fraudulently joined Defendant Stevens Creek. Opp. at 7. Specifically, Defendants argue that Plaintiff cannot state an implied warranty claim against Defendant Stevens Creek (1) because the claims Plaintiff makes against Defendant Stevens Creek are "bare-boned, nonspecific allegations," NOR ¶ 27; and (2) because the statute of limitations bars Plaintiff's implied warranty claim and plaintiff cannot establish tolling, Opp. at 20–27. In the alternative, Defendants argue that the Court should sever Defendant Stevens Creek from the case under Federal Rule of Civil Procedure 21, in part because Defendant FCA has agreed to indemnify Defendant Stevens Creek. Opp. at 27–28. Lastly,

5
Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Defendants ask the Court to permit jurisdictional discovery in the event that the Court finds that removal to federal court was improper. Opp. at 28–29.

For the reasons explained below, the Court agrees that Plaintiff did not fraudulently join Defendant Stevens Creek. Therefore, removal was improper. As such, the Court need not reach Plaintiff's remaining arguments concerning the amount in controversy or the citizenship of Plaintiff and Defendant FCA. Additionally, the Court denies Defendants' requests to sever Defendant Stevens Creek and to permit jurisdictional discovery.

### A. Defendant Stevens Creek Was Not Fraudulently Joined

For the Court to have diversity jurisdiction, complete diversity of parties is required: "[I]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). However, fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

"Fraudulent joinder is a term of art" and does not require a showing of bad faith. *Id.* As this Court has previously explained, "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Beutel v. Wells Fargo Bank N.A.*, No. 18-CV-03686-LHK, 2018 WL 3084660, at *2 (N.D. Cal. Jun. 22, 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Heslop v. Ford Motor Co.*, No. 19-CV-01422-LHK, 2019 WL 3026954, at *3 (N.D. Cal. July 11, 2019) (same). Joinder is fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

This standard imposes a very high bar on removing defendants, which "accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance."

*Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotation marks omitted). The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*. at 548 (emphasis in original) (citations and quotation marks omitted); *see also Warner v. Select Portfolio Serv.*, 193 F. Supp. 3d 1132, 1137 (C.D. Cal. 2016) (stating that defendants face an "immense burden" in proving fraudulent joinder).

Specifically, in *Grancare*, the Ninth Circuit held that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined" because "[a] standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits." *Id*. Rather, "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "*wholly insubstantial and frivolous*" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (emphasis added).

### 1. Defendants' Argument That Plaintiff's Allegations Against Defendant Stevens Creek Are "Bare-Boned" And "Nonspecific" Does Not Establish Fraudulent Joinder

Here, Defendants first argue in their notice of removal that they believe Plaintiff "has no intention of prosecuting" his claim against Defendant Stevens Creek, because the allegations Plaintiff makes are "bare-boned" and "nonspecific." NOR ¶ 27. Standing alone, "[t]hese conclusory assertions do not come close to meeting FCA's heavy burden of establishing fraudulent joinder." *Arias v. FCA US LLC*, No. CV 20-02100-CJC (JDEx), 2020 WL 1809666, at *2 (C.D. Cal. Apr. 9, 2020). Indeed, as this Court has repeatedly noted, "[i]n the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Mireles v. Wells Fargo*

7

*Bank, N.A.,* 845 F. Supp. 2d 1034, 1063 (N.D. Cal. 2012) (internal quotation marks and citations omitted).  Put another way, Defendant must establish that any deficiency in the complaint cannot possibly be cured by granting Plaintiff leave to amend.  *Grancare*, 889 F.3d at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there.  For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").  Defendants' argument that Plaintiff's allegations are "bare-boned" and "nonspecific" does not come close to establishing that amendment would be futile, and as such, Defendants' first argument fails to meet the demanding standard required to establish fraudulent joinder.

The Court therefore turns to consider Defendants' argument that Plaintiff's claim against Defendant Stevens Creek is time-barred.

### 2. Defendants' Argument That Plaintiff's Claim Against Defendant Stevens Creek Is Time-Barred Does Not Establish Fraudulent Joinder

The statute of limitations for an implied warranty of merchantability claim is four years from the delivery of the vehicle.  Cal. Comm. Code § 2725.  Plaintiff alleges that he purchased the vehicle on or about July 25, 2012.  Compl. ¶ 7.  Thus, Defendants argue that the four-year statute of limitations expired in July 2016, over three years before Plaintiff filed his complaint on November 12, 2019.  Opp. at 21; Compl. at 1.

However, "as Plaintiff points out and numerous courts have recognized, it is not impossible for Plaintiff to state a viable implied warranty claim against Defendant [Stevens Creek] because tolling may apply."  *Heslop*, 2019 WL 3026954, at *3.  Specifically, this Court has repeatedly observed that "[s]everal courts have determined that fraudulent concealment tolling applies to claims brought under the Song-Beverly Act."  *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 1745948 (N.D. Cal. May 3, 2016), at *14 (citing cases in both federal court and California state court); *Heslop*, 2019 WL 3025943, at *3 (quoting *Philips*, 2016 WL 1745948, at *14); *Beck v. Ford Motor Co.*, No. 18-CV-07682-LHK, 2019 WL 2415251, at *3 (N.D. Cal. June 9, 2019) (same); *Salgado-Lopez v. Ford Motor Co.*, No. 19-CV-03628-LHK,

8

Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

2020 WL 564248, at *4 (N.D. Cal. Feb. 5, 2020) (same).

Accordingly, courts have concluded in similar cases that because fraudulent concealment tolling could apply to implied warranty claims against a dealership defendant, joinder of the dealership was not fraudulent. *See, e.g., Salgado-Lopez v. Ford Motor Co.*, No. 19-CV-03628-LHK, 2020 WL 564248, at *4 (N.D. Cal. Feb. 5, 2020) (collecting cases); *Phillips v. Ford Motor Co.*, No. 5:19-cv-01423-EJD, 2019 WL 5188259, at *3 (N.D. Cal. Oct. 15, 2019) ("Many courts have found that it is possible for a plaintiff to bring a claim for breach of implied warranty of merchantability based on tolling theories.") (collecting cases); *Cavale v. Ford Motor Co.*, No. 1:18-cv-00680-LJO-BAM, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018) (holding that "it is possible that the statute of limitations on the breach of the implied warranty claim may be tolled under a theory of fraudulent concealment," and remanding case to state court); *Jimenez v. Ford Motor Co.*, No. CV 18-3558-JFW(ASx), 2018 WL 2734848, at *2 (C.D. Cal. Jun. 5, 2018) (noting that "multiple district courts" have recognized that tolling principles "apply to the statute of limitations for implied warranty of merchantability claims," and remanding case to state court).

Defendants also argue that joinder of Defendant Stevens Creek is fraudulent because "FCA's counsel's vast litigation experience in opposing these type [sic] of cases has been that individual dealerships have not been regularly sued." NOR ¶ 28. The experience of federal courts in California suggests otherwise. *See Arias*, 2020 WL 1809666, at *2 (citing "at least nine cases in the last year alone where courts in [the Central District of California] have remanded cases because FCA failed to meet its burden to show that a local dealership was fraudulently joined").

Indeed, Defendant FCA has recently raised these exact fraudulent joinder arguments in other California district courts, and those courts have rejected them as well. *See, e.g.*, *Arteaga v. FCA US LLC*, No. CV 20-461-GW-RAOx, 2020 WL 1330639, at *3 (C.D. Cal. Mar. 20, 2020) (remanding a case in which plaintiff raised tolling under the discovery rule "because—in evaluating whether there is fraudulent joinder—the bar is simply whether 'there is *any* possibility that the state law might impose liability on a resident defendant.'") (quoting *Hunter*, 582 F.3d at 1044) (emphasis in original); *Barraguete v. FCA US LLC*, No. CV 20-2704 PSG (KSx), 2020 WL

9

Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

2078300, at *2 (C.D. Cal. Apr. 28, 2020) ("Defendant has not shown that Plaintiff is unable to amend her complaint to allege a viable [tolling] theory against [the dealership defendant]");

Accordingly, because it is possible under California law that Plaintiff could allege tolling of the statute of limitations for his implied warranty claim, the Court concludes that Defendants have not met their heavy burden to show that Plaintiff's inclusion of Defendant Stevens Creek constitutes fraudulent joinder. Put another way, Defendants have failed to establish that Plaintiff's implied warranty claim is "wholly insubstantial and frivolous." *Grancare*, 889 F.3d at 549. Accordingly, the Court concludes that Plaintiff did not fraudulently join Defendant Stevens Creek and that diversity jurisdiction is absent. As a result, the Court must remand the case to state court.

### B. The Court Declines to Dismiss Defendant Stevens Creek Under Federal Rule of Civil Procedure 21

Alternatively, Defendants ask the Court to sever Defendant Stevens Creek under Federal Rule of Civil Procedure 21. Opp. at 27–28. Rule 21 provides that a court may sua sponte "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Sams v. Beech Aircraft*, 625 F.2d 273, 277 (9th Cir. 1980) (holding that Rule 21 "grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19").

Defendants argue that because Defendant FCA has agreed to indemnify Defendant Stevens Creek, Defendant FCA is the sole real party in interest, and therefore, the Court should sever Defendant Stevens Creek from the instant action. Opp. at 27. Defendants, however, "cite[] no controlling authority that suggests that [Defendants] have the right to dictate how a plaintiff ought to plead and prove his case depending on the relationship it has with the co-defendant or its willingness to forego certain potential defenses." *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-cv-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017). Indeed, courts have concluded that an indemnification agreement does not eliminate a plaintiff's claim against a defendant retailer because California law "appears to grant a separate claim against the retailer" such that "Plaintiff has a right to bring an action against a defendant as to whom the law grants a claim, and

10
Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

to try his case in a manner of his own choosing." *Id.* (remanding to state court when plaintiff joined both the dealership and the manufacturer, even though the manufacturer was obligated to indemnify the dealership); *see also Bunn v. Ford Motor Co.*, No. 5:19-CV-03590-EJD, 2020 WL 991529, at *4 (N.D. Cal. Mar. 2, 2020) (denying defendant's motion to sever auto dealership under Rule 21 because "auto dealerships may be necessary for adjudication of state law claims") (collecting cases); *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 673 (N.D. Cal. 2019) (denying defendant's request to sever auto dealership pursuant to Rule 21 because when "the breach of the implied warranty arises from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair that vehicle[,] . . . trying the case in separate actions could lead to inconsistent findings as to the condition of the vehicle and the adequacy of repairs") (internal alterations and quotation marks omitted).

Therefore, the Court declines to exercise its discretion to sever Defendant Stevens Creek. Plaintiff's claims against Defendant FCA and Defendant Stevens Creek arise from the same series of transactions or occurrences. Plaintiff brings his implied warranty of merchantability claim against both Defendants. The claim involves the same Vehicle and same defects as to both Defendants, such that judicial efficiency weighs against severing Defendant Stevens Creek. *Heslop*, 2019 WL 3026954, at *5. Moreover, the Court has already concluded that removal was not proper because the Court lacks diversity jurisdiction. To sever Defendant Stevens Creek for the Court to exercise diversity jurisdiction would contradict the Ninth Circuit's instruction that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. Thus, the Court declines to sever Defendant Stevens Creek under Rule 21.

**C. Jurisdictional Discovery is Unwarranted**

Finally, Defendants ask the Court to permit jurisdictional discovery. Opp. at 28–29. The Court first notes the unusual posture of this request in opposition to a motion to remand. "Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using

11
Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

the same analytical approach." *Papp v. Fore-Cast Sales Co., Inc.*, 842 F.3d 805, 811 (3d Cir. 2016) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).  Therefore, the Court evaluates Defendants' request using the same approach as evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  *Cf. Mithril GP Emp. Feeder LLC v. McKellar*, No. 19-CV-2144-RGA, 2020 WL 3206555, at *1–2 (D. Del. June 15, 2020) (granting jurisdictional discovery on a motion to remand when there was a question of fact as to whether any of plaintiff's members shared citizenship with defendant).

"[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks omitted).  A court may deny jurisdictional discovery, however, "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (quotation marks omitted), or where the request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Here, Defendants simply posit that "[n]arrowly tailored, targeted interrogatories and/or requests for admission regarding Plaintiff's *alleged damages* should be sufficient to elicit evidence that Stevens Creek is a sham defendant."  Opp. at 29 (emphasis added).  Defendants fail to offer any additional explanation as to how information concerning alleged damages would assist in demonstrating fraudulent joinder.  Indeed, in light of the Court's foregoing analysis that Defendants have failed to carry the "heavy burden" of establishing fraudulent joinder because the statute of limitations could be tolled, it is entirely unclear how any facts regarding "alleged damages" would demonstrate that Defendant Stevens Creek was fraudulently joined.

Accordingly, the Court finds that Defendants' request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts."  *Boschetto*, 539 F.3d at 1020.  Defendants' request for jurisdictional discovery is therefore DENIED.

IV.    **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS the case to California Superior Court for the County of Santa Clara.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 2, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

13
Case No. 19-CV-08229-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND